Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Alfredo Torrijos, SBN 222458
at@haffnerlawyers.com
Vahan Mikayelyan, SBN 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks,  CA 91403
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff ZABEENA
MAHARAJ, on behalf of herself and all
other similarly situated

Other Counsel Listed on Signature Page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZABEENA MAHARAJ, on behalf of Plaintiff and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　-against-<br><br>THE HERTZ CORPORATION,<br><br>　　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) UNPAID WAGES;**<br>**(2) UNPAID OVERTIME WAGES;**<br>**(3) MEAL BREAK VIOLATIONS;**<br>**(4) REST BREAK VIOLATIONS;**<br>**(5) ITEMIZED WAGE STATEMENT VIOLATIONS;**<br>**(6) WAITING TIME PENALTIES;**<br>**(7) FAILURE TO REIMBURSE FOR BUSINESS EXPENSES; and**<br>**(8) VIOLATION OF UNFAIR COMPETITION LAW.**[1] |

---

[1] Plaintiff intends to amend to assert claims for P.A.G.A. penalties, Labor Code § 2698 et seq. when allowed.

**CLASS ACTION COMPLAINT**

Plaintiff Zabeena Maharaj, on behalf of Plaintiff and similarly situated employees, by their attorneys, Haffner Law PC, Shavitz Law Group, P.A., and Feldman Legal Group, upon personal knowledge as to Plaintiff and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1.      Plaintiff was employed as an exempt-classified Operations Manager ("OMs") with Defendant The Hertz Corporation ("Defendant" or "HERTZ") and brings this lawsuit against Defendant as a class action, under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class of exempt-classified OMs employed by HERTZ at its locations in California ("the California Class Members") within the four (4) year period preceding the filing of this Complaint through the date of judgment (the "California relevant period") to challenge its policies and/or practices of (a) failing to reimburse Plaintiff and the California Class Members for unreimbursed business expenses; (b) failing to compensate Plaintiff and the California Class Members for all hours worked; (c) failing to pay Plaintiff and the California Class Members overtime wages; (d) failing to provide Plaintiff and the California Class Members bona fide meal breaks;  (e) failing to provide Plaintiff and the California Class Members bona fide rest breaks; (f) failing to provide Plaintiff and the California Class Members accurate, itemized wage statements; and (g) failing to timely pay Plaintiff and the California Class Members wages owed upon the termination of employment.

2.      Plaintiff seeks reimbursement for business expenses, unpaid wages, and interest thereon, penalties, declaratory and equitable relief, and reasonable attorneys' fees and costs under the California Labor Code; California Labor Code § 2802; California Labor Code § 200, 204, 1194, and 1198; California Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; California Labor Code §§ 200, 510, 1194; California Labor Code §§ 226.7, 512, and IWC Wage

Order 5-2001, § 11; California Labor Code § 226.7 and IWC Wage Order 5-2001, § 12; California Labor Code §§ 226, 1174, 1174.5; California Labor Code §§ 201-203; California Bus. & Prof. Code § 17200 et seq.

3.      As more fully described herein, Plaintiff and the California Class Members: (a) paid out-of-pocket business expenses reasonably necessary for the performance of their jobs as OMs for Defendant for which Plaintiff and the California Class Members have not received reimbursement from Defendant; (b) worked overtime and double time hours without receiving overtime or double time compensation; and (c) did not receive legally compliant meal and rest breaks pursuant to Defendant's policies and/or practices.   Plaintiff and the California Class Members seek damages and restitution of all unjust enrichment Defendant has enjoyed from its failure to reimburse business expenses incurred by Plaintiff and the California Class Members and failure to pay them for all hours worked.   Plaintiff also seek unpaid wages, and interest thereon, penalties, declaratory and equitable relief, and reasonable attorneys' fees and costs under California Labor Code § 201-203, 226.7 and California Bus. & Prof. Code § 17200 et seq. on behalf of themselves and the California Class Members.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.      This Court also has original jurisdiction pursuant to the Class Action Fairness Act as the amount in controversy exceeds $5,000,000, exclusive of interest and costs.   Plaintiff and numerous California Class Members are citizens of states different than Defendant.   Plaintiff is a citizen of California and Defendant is a Delaware corporation with its principal place of business in Florida.   Upon information and belief, there are more than 200 California Class Members.

6.       This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

7.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Named Plaintiff was employed here, a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district.  At all times material hereto, Named Plaintiff performed non-exempt duties for Defendant in Oakland, California in the Northern District of California, which is within the jurisdiction and venue of this Court.

8.    Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and the California Class Members at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and the California Class Members.

9.    Throughout the relevant periods, Defendant employed Plaintiff and the California Class Members, within the meaning of the California Labor Code. Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

10.    Defendant is a covered employer within the meaning of the California Labor Code and, at all times relevant, employed Plaintiff and the California Class Members.

**PARTIES**

***Plaintiff***

11.    Named Plaintiff resides in Hayward, California.  Plaintiff was employed by Defendant from approximately August 2016 to September 2022 as an Operations Manager in Oakland, California.  During the relevant periods, Plaintiff was subject to Defendant's unlawful compensation and business expense reimbursement policies and/or practices set forth herein.

12.    As more fully described below, during the relevant time periods, Defendant willfully violated the California Labor Code by failing to pay Plaintiff and the California Class

4

**CLASS ACTION COMPLAINT**

Members for all of their overtime hours worked and reimbursement of business expenses.

13.    While Defendant required Plaintiff and the California Class Members to work overtime hours, Defendant did not pay Plaintiff and the California Class Members overtime wages for hours worked in excess of 8 per day or double time wages for hours worked in excess of 12 per day.

14.    Named Plaintiff has retained Haffner Law PC, Shavitz Law Group, P.A., and Feldman Legal Group to represent Named Plaintiff in this matter.

15.    All of Plaintiff's claims stated herein are asserted against Defendant and any of their owners, predecessors, successors, subsidiaries, and/or assigns.

***Defendant***

16.    Defendant operates Hertz locations throughout the United States including in California.  Defendant is a subsidiary of Hertz Global Holdings, Inc., but the company operates HERTZ and Hertz Global Holdings as one enterprise.  HERTZ and Hertz Global Holdings, Inc. are publicly traded corporations organized and existing under the laws of Delaware sharing their corporate headquarters in Estero, Florida.

17.    The wage, overtime wage, and California Labor Code provisions apply to Defendant.

18.    Defendant was Plaintiff's employer and was and/or is the employer of the California Class Members per the California Labor Code.

## FACTS COMMON TO ALL CLAIMS

19.    Throughout their employment with Defendant as OMs and to serve their customers' needs and maximize profits, Defendant required Plaintiff and the California Class Members to work in excess of 40 hours per week and 8 hours per day (sometimes working 12 or more hours per day).

**CLASS ACTION COMPLAINT**

20.    Defendant utilizes California OMs as part of their workforce at its car rental locations.  Their primary duties are waiting on customers at the vehicle rental counter, driving vehicles from one location to another, washing vehicles, handling vehicle returns, and general customer service.

21.    Throughout the relevant period, it was Defendant's policy to uniformly classify OMs as exempt from federal overtime provisions and not to pay Plaintiff and California OMs any overtime wages.  Defendant misclassified Plaintiff and the California Class Members as exempt-classified OMs pursuant to a corporate policy or practice to limit labor expenses.

22.    The primary duties of Plaintiff and the California OMs do not fall under any of the exemptions to the California Labor Code.

23.    All the work that Plaintiff and the California Class Members have performed has been assigned by Defendant, and/or Defendant have been aware of all the work that Plaintiff and the California Class Members have performed.

24.    As part of its regular business practice, during the Relevant Period, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the California Labor Code with respect to Plaintiff and the California Class Members.  This policy and pattern or practice includes, but is not limited to:

a.    willfully failing to pay Plaintiff and the members of the California Class Members overtime wages for hours that they worked in excess of 8 hours per day and double time wages for hours worked in excess of 12 hours per day;

b.    willfully misclassifying Plaintiff and the members of the California Class Members as exempt from the protections of the California Labor Code;

c.    willfully failing to record all the time that its employees, including Plaintiff and the California Class Members, have worked for the benefit of Defendant;

d.    willfully not providing meal and rest breaks to Plaintiff and California Class Members and not paying meal and rest break penalties for missed breaks;

6

**CLASS ACTION COMPLAINT**

e.    willfully providing inaccurate wage statements to Plaintiff and California Class Members which did not include all hours worked, overtime and double time wages and wage rates, missed meal and rest break penalties, and business expenses;

f.    will not paying all wages owed within 30 days of the end of employment to Plaintiff and California Class Members who no longer worked for Defendant.

25.    Defendant is aware or should have been aware that California Law required it to pay employees performing non-exempt duties, including Plaintiff and the California Class Members, an overtime premium for hours worked in excess of 8 hours per day and double time wages for hours worked in excess of 12 hours per day.

26.    Plaintiff and the California Class Members all perform or performed the same or similar primary duties.

27.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

28.    Throughout their employment with Defendant, Plaintiff and the California Class Members consistently worked more than 8 hours per day.

29.    Plaintiff's and the California Class Members' primary duty was not management.

30.    Plaintiff's and the California Class Members' primary duties were non-exempt duties, including general customer service and vehicle preparation for rental.  Plaintiff and the California Class Members spent the vast majority of their time performing these non-exempt duties.

31.    During the Relevant Period, Plaintiff and the California Class Members were paid a weekly salary for 40 hours per week and no wages for any hours worked in excess of 8 per day.

32.    Plaintiff and the California Class Members were closely supervised by their direct and indirect supervisors who were responsible for the overall performance of the Hertz locations.

33.    Plaintiff and the California Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendant.  Plaintiff and the California Class

Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

34.    Plaintiff and the California Class Members use their cellular phones for work and Defendant does not reimburse them for these business expenses.

35.    Plaintiff and the California Class Members have been victims of a common policy and plan perpetuated by Defendant that has violated their rights under the California Labor Code by denying them overtime compensation for hours worked in excess of 8 hours per day, including hours worked before the scheduled start time of shifts, after the scheduled end time of shifts, during unpaid meal breaks, and engaging in work-related communications when away from the location.

36.    Pursuant to these policies and procedures, Defendant failed to compensate Plaintiff and the California Class Members for all of the overtime and double time hours they worked, thereby resulting in the failure to pay overtime and double time in violation of the California Labor Code.

37.    Defendant knew or should have known that Plaintiff, the California Class Members worked unpaid overtime and double time hours. Based upon the labor budgets it created, Defendant was aware that the required work could not be accomplished within non-overtime hours.

38.    Defendant does not maintain time records of the actual hours, overtime hours, and double time hours worked by OMs.

39.    Based upon the policies and procedures described herein, Defendant failed to keep accurate records of hours worked by Plaintiff and the California Class Members.

40.    Plaintiff and the California Class Members routinely do not receive and Defendant does not provide them with uninterrupted 30-minute meal breaks when working more

**CLASS ACTION COMPLAINT**

than five hours in a day.

41.    Plaintiff and the California Class Members routinely do not receive and Defendant does not provide them with uninterrupted 10-minute rest breaks for every 4 hours worked.

42.    Plaintiff and the California Class Members were entitled to be paid their regular rate for any meal and rest premiums paid. However, Defendant did not pay Plaintiff and California Class Members penalties for each meal or rest break missed. Defendant is aware that OMs, including Plaintiff and the California Class Members regularly work during their meal and rest breaks. Defendant nevertheless has failed and refuses to pay meal and rest break penalties Plaintiff and California Class Members.

43.    Defendant has maintained these same business expense and wage payment policies and/or practices or substantially similar ones throughout the California relevant period.

44.    Defendant is aware that Plaintiff and the California Class Members regularly incurred business expenses in the discharge of their duties as employees. Defendant nevertheless fails and refuses to reimburse Plaintiff and the California Class Members for such business expenses incurred by them in their work at Defendant's locations.

45.    OMs, including Plaintiff and the California Class Members have been harmed by Defendant's unlawful business expense policies and/or practices in that they have not been paid for certain business expenses incurred while employed by Defendant, as alleged above, thereby diminishing their agreed-upon compensation, in amounts to be proven at trial.

46.    Plaintiff and the California Class Members have been harmed by Defendant's unlawful policies and/or practices in that they have worked unpaid overtime and double time hours for the benefit of Defendant without compensation, in amounts to be proven at trial.

47.    Defendant does not provide Plaintiff and the California Class Members with

**CLASS ACTION COMPLAINT**

accurate wage statements as required by California law. Plaintiff and the California Class Members receive wage statements that do not reflect all hours worked or applicable overtime and double time premiums.

48.    Defendant does not provide Plaintiff and the California Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, as well as overtime. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time penalties.

49.    Plaintiff are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the California Class Members and throughout Defendant's operations in California. Defendant knows or should know that its policies and/or practices have been unlawful and unfair.

50.    Defendant's conduct was willful, carried out in bad faith, and caused significant damages to OMs, including Plaintiff and the California Class Members in amounts to be determined at trial.

## CALIFORNIA CLASS ACTION ALLEGATIONS

51.    This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure the proposed class is easily ascertainable, and Plaintiff are proper representatives of the California Class:

a.    Numerosity: The potential members of the California Class as defined are numerous and therefore joinder of all the members of the Class is impracticable. While the precise number of California Class Members has not been determined at this time, Plaintiff are informed and believe that Defendant has employed hundreds of OMs in California subject to Defendant's business expense reimbursement and wage payment policies at all times during the California relevant period. Joinder of all members of the proposed class is not practicable.

**CLASS ACTION COMPLAINT**

b.     Commonality:   There are questions of law and fact common to the Plaintiff and the California Class Members that predominate over any questions affecting only individual members of the Class.   These common questions of law and fact include, without limitation:

i.     Whether Plaintiff and the California Class Members have incurred unreimbursed business expenses in the discharge of their duties as employees, including but not limited to expenses for such items as the cost of personal cell phones and the concomitant data/text plans;

ii.     Whether Defendant expected Plaintiff and the California Class Members to address issues in Defendant's locations as they arose or those related to the general operations of Defendant's locations by using their personal cell phone and concomitant data/text plans;

iii.     Whether Defendant intended, suffered and permitted, and/or were aware that Plaintiff and the California Class Members incurred such business expenses in the discharge of their duties as employees;

iv.     Whether Defendant failed and/or refused to reimburse, fully or at all, business expenses incurred by Plaintiff and the California Class Members in the discharge of their duties;

v.     Whether Defendant's failure to reimburse business expenses incurred by Plaintiff and the California Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

vi.     Whether Plaintiff and the California Class Members have worked for Defendant unpaid overtime and double time hours without compensation;

vii.     Whether Defendant failed to pay the Plaintiff and the California

11

Class Members for all of their hours worked;

viii. Whether Defendant's failure to pay Plaintiff and the California Class Members for all of their hours worked was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

ix. Whether Defendant failed to provide Plaintiff and the California Class Members meal periods in the duration, timing and manner as required;

x. Whether Defendant authorized and permitted Plaintiff and the California Class Members to take rest breaks in the duration, timing and manner as required;

xi. Whether Defendant violated Labor Code § 2802 and Bus. & Prof. Code § 17200 by denying Plaintiff and the California Class Members reimbursement for their business expenses;

xii. Whether Defendant violated Labor Code §§ 200, 204, 1194, and 1198; Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; Labor Code §§ 200, 510, 1194; Labor Code 226.7, 512, and IWC Wage Order 5-2001, §§ 11 and 12; Labor Code §§ 226, 1174, 1174.5; Labor Code §§ 201-203; and Bus. & Prof. Code § 17200 by failing to pay Plaintiff and the California Class Members for all their hours worked; and

xiii. The proper formula(s) for calculating restitution, damages, penalties and interest owed to Plaintiff and the California Class Members.

c. Typicality: Plaintiff's claims are typical of the claims of the California Class. Both Plaintiff and the California Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's course of conduct in violation of law as alleged herein,

in similar ways and for the same types of expenses.

d.      Adequacy of Representation:  Plaintiff are members of the California Class and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's interests do not conflict with those of California Class Members.  Plaintiff's counsel are competent and experienced in litigating large wage and hour class actions, including both business expense reimbursement cases and wage payment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e.      Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all California Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices of not reimbursing business expenses, and not paying all wages due and owing.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Certifying this case as a class action is superior because the Plaintiff seek relief that will affect all Class Members in a common way, and will also allow for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining their unlawful business expense reimbursement and wage payment policies and practices, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment.  If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant, due to the relatively small amounts of such

**CLASS ACTION COMPLAINT**

individual recoveries relative to the costs, burdens, and risks of litigation.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**(Labor Code §§ 200, 204, 1194, and 1198)**

52.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

53.     Plaintiff alleges that Defendant willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and the California Class Members for all hours worked or spent in Defendant's control.

54.     Defendant regularly requires OMs, including Plaintiff and the California Class Members to perform uncompensated work, as described here.

55.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

56.     Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

57.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

58.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

59.     IWC Wage Order 5-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

60.     In violation of California law, Defendant knowingly and willfully refuses to

14
**CLASS ACTION COMPLAINT**

perform its obligation to provide Plaintiff and the California Class Members with compensation for all time worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and the California Class Members' rights. Plaintiff and the California Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

61.    As a proximate result of the aforementioned violations, Plaintiff and the California Class Members have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (Labor Code §§ 200, 510, and 1194)

62.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

63.    Defendant does not properly compensate OMs, including the Plaintiff and the California Class Members with appropriate overtime premiums, including time and a half premiums based on their regular rate of pay, as required by California law.

64.    Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

65.    IWC Wage Order 5-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18

15

years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

66.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

67.    Labor Code § 200 defines wages as "all amounts of labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

68.    Defendant's policies and/or practices of requiring Plaintiff and the California Class Members to perform work off the clock is unlawful and results in overtime violations. As a result of this unlawful policy, Plaintiff and the California Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Orders, and other applicable law.

69.    Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and California Class Members for all premium wages for overtime work. Defendant is liable to Plaintiff and the California Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff and the California Class Members are entitled to an award of attorneys' fees and costs as set forth below.

**CLASS ACTION COMPLAINT**

70.    As a proximate result of the aforementioned violations, Plaintiff and the California Class Members have been damaged in an amount according to proof at time of trial.

### THIRDCAUSE OF ACTION
### Failure to Provide Meal Periods
### (Labor Code 226.7, 512 & IWC Wage Order 5-2001 ¶ 11)

71.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

72.    Labor Code § 226.7 and 512 and IWC Wage Order 5-2001, § 11 require that employers provide non-exempt employees with a first meal period of not less than 30 minutes during which they are relieved of all duty before working more than five hours, and a second duty-free meal period of not less than 30 minutes before working more than 10 hours per day.

73.    To comply with the Labor Code, an employer must affirmatively relieve its employee of all duty during the meal period, relinquish control over the employee's activities, and permit the employee a reasonable opportunity to take an uninterrupted 30-minute break.

74.    Labor Code § 226.7(c) and IWC Wage Order 5-2001, § 11 require an employer fails to provide an employee a meal period as required to pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the required meal period is not provided.

75.    Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiff and the California Class Members were required to perform work during their meal breaks.  As a result, Defendant failed to provide Plaintiff and the California Class Members with the required meal periods or pay Plaintiff and the California Class Members the wages due for missed meal periods.

76.    When Defendant paid meal period premiums, it failed to do so at the employee's regular rate and instead paid the employees at their base hourly rate in violation of Labor Code § 226.7.  Plaintiff and the California Class Members have been damaged by Defendant's failure to pay meal period premiums at their regular rate.

77.    Defendant, therefore, is liable to Plaintiff and the California Class Members for additional compensation pursuant to Labor Code § 226.7(c) and Wage Order 5-2001, § ¶ 11.

## FOURTH CAUSE OF ACTION
### Failure to Provide Rest Breaks
### (Labor Code 226.7 & IWC Wage Order 5-2001 ¶ 12)

78.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

79.     Labor Code § 226.7(b) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable wage order. Wage Order 5-2001, § ¶ 12 requires that an employer authorize and permit all employees to take one 10-minute rest period for every 4 hours worked, or a portion thereof, which insofar as practicable shall be in the middle of each work period.

80.     Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiff and the California Class Members were required to perform work during their rest breaks. As a result, Defendant did not authorize and permit Plaintiff and the California Class Members to take legally compliant rest breaks or pay Plaintiff and the California Class Members the wages due for missed rest breaks.

81.     When Defendant paid rest period premiums, it failed to do so at the employee's regular rate and instead paid the employees at their base hourly rate in violation of Labor Code § 226.7. Plaintiff and the California Class Members have been damaged by Defendant's failure to pay rest period premiums at their regular rate.

82.     Defendant therefore is liable to Plaintiff and the California Class Members for damages pursuant to Labor Code § 226.7(c) and Wage Order 5-2001, § ¶ 12.

## FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### (Labor Code § 226, 1174, and 1174.5)

83.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

84.     Defendant does not provide Plaintiff and the California Class Members with accurate itemized wage statements as required by California law.

85.     Labor Code § 226(a) provides:

**CLASS ACTION COMPLAINT**

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

86.     IWC Wage Order 5-2001(7) also provides for this requirement.

87.     Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

88.     Labor Code § 1174 provides in part:

Every person employing labor in this state shall: (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.

89.     Defendant willfully fails to provide timely, accurate itemized wage statements to Plaintiff and the California Class Members in accordance with Labor Code §§ 226(a) and 1174(d) and the IWC Wage Orders. The wage statements Defendant provides to employees, including Plaintiff and the California Class Members, do not accurately reflect the premium pay to which they are entitled to for the actual hours worked, the actual gross wages earned, the actual net wages earned, and the actual hourly rate(s).

90.    As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and the California Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiff are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e) and penalties pursuant to Labor Code § 1174.5.

## SIXTH CAUSE OF ACTION
### Waiting Time Penalties
### (Labor Code §§ 201-203)

91.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

92.    Defendant does not provide Plaintiff and the California Class Members with their wages when due under California law after their employment with Defendant ends.

93.    Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

94.    Labor Code § 202(a) provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

95.    Labor Code § 203(a) provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

96.    Some of the Class Members, including Plaintiff, left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working for the benefit of Defendant which went unrecorded and/or uncompensated.

97.    Defendant willfully refused and continues to refuse to pay Plaintiff and the California Class Members all the wages that were due and owed to them upon the end of their

**CLASS ACTION COMPLAINT**

employment, in the form of wages owed for uncompensated work, meal and rest period premiums, as well as unpaid overtime. As a result of Defendant's actions, Plaintiff and the California Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

98.     Defendant's willful failure to pay Plaintiff and the California Class Members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff and the California Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

99.     Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and the California Class Members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

100.    As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and the California Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

**SEVENTH CAUSE OF ACTION**
**Failure to Reimburse for Business Expenses**
**(Labor Code § 2802)**

101.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

102.    California Labor Code § 2802 provides that an "employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

103.    Plaintiff and the California Class Members use their personal cell phones in direct consequence of the discharge of their duties.  Defendant does not reimburse them the costs associated with their cell phone usage.

104.    As a proximate result of the aforementioned violations, Defendant is liable to

**CLASS ACTION COMPLAINT**

Plaintiff and the California Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

**EIGHTH CAUSE OF ACTION**
**Unfair Competition Law Violations**
**(Bus. & Prof. Code § 17200)**

105.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

106.    Business & Professions Code § 17200 (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

107.    During the Class Period and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to reimburse and indemnify Plaintiff and the California Class Members for employment-related business expenses and losses, in violation of Labor Code § 2802; failing to pay for all hours worked in violation of Labor Code §§ 200, 204, 510, 1182.11, 1182.12, 1194, 1194.2, 1197 and 1198; failure to provide, authorize and permit meal and rest breaks, including failing to pay Plaintiff and the California Class Members at their regular rates, in violation of Labor Code § 226.7, 512, and IWC Wage Order 5-2001, §§ 11 and 12; failing to provide accurate pay statements in violation of Labor Code §§ 226, 1174 and 1174.5; and failure to pay all wages due and owing at time of termination in violation of Labor Code §§ 201, 202 and 203.

108.    During the California relevant period and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to pay the California Class Members their regular rate in violation of Labor Code § 226.7 when paying meal and rest period premiums.

109.    In order to discharge their managerial duties for Defendant, Plaintiff and the California Class Members were required, expected, and/or permitted by Defendant to use their

own personal cell phone and data/text plans. However, Defendant did not fully pay for expenses incurred as a result of the Plaintiff's and California Class Members' use of their own property or expenditures for services used in the course of their work for Defendant.

110. Likewise, Plaintiff and the California Class Members were required and expected to use their personal mobile devices for work related activities before and after scheduled hours, and engage in work-related activities before and after their shifts.

111. Further, Plaintiff and the California Class Members worked off the clock without compensation and were denied legally compliant meal and rest breaks.

112. When Defendant paid Plaintiff and the California Class Members meal and rest period premiums, it did so at the employee's base hourly rate instead of their regular rate.

113. Because of the Labor Code violations alleged herein, Plaintiff's and the California Class Members' pay statements were non-compliant and they were not properly and timely paid all their wages at time of termination.

114. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold ill-gotten gains belonging to Plaintiff and the California Class Members in the form of unreimbursed employee business expenses and unpaid wages that reduced or offset compensation earned by Plaintiff and the California Class Members. As a direct and proximate result of Defendant's unlawful business practices, Plaintiff and the California Class Members have suffered economic injuries including, but not limited to out-of-pocket business expenses and unpaid wages resulting in reductions or offsets to earned compensation. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and unpaid wages as well as interest accrued thereon.

115. Plaintiff and the California Class Members are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses and unpaid wages as well as interest thereon accruing, from four (4) years prior to the filing of this action to the date of such restitution, and Defendant should be required to disgorge all the profits and gains they have reaped and restore such profits and gains to the Plaintiff and similarly situated

California Class Members, from whom they were unlawfully taken.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the California Class Members, seek the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this class action, or that the Court issue such notice, to all members of the proposed California Class Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Certification of this case as a class action pursuant to Rule 23;

C.      Unpaid overtime pay and double time pay pursuant to the California Labor Code;

D.      Designation of Plaintiff as California Class Representative, and counsel of record as Class Counsel;

E.      For civil and statutory penalties according to proof;

F.      For an injunction and declaratory relief;

G.      Pre-judgment interest and post-judgment interest as provided by law;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I.      Attorneys' fees and costs of the action;

J.      An appropriate service award for Plaintiff's efforts and service to the proposed California Class Members and the California Class; and

K.      Such other monetary, injunctive,  and equitable relief as this Court shall deem just and proper and as available under the law.

///

///

**CLASS ACTION COMPLAINT**

Dated: September 14, 2023

Respectfully submitted,

_____
Joshua H. Haffner
Alfredo Torrijos
Vahan Mikayelyan
HAFFNER LAW PC
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Tel: (213) 514-5681
Fax: (213) 514-5682
E-mail:  jhh@haffnerlawyers.com
E-Mail : at@haffnerlawyers.com
E-Mail :vh@haffnerlawyers.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone:  (800) 616-4000
mpalitz@shavitzlaw.com

Mitchell Feldman*
FELDMAN LEGAL GROUP
6916 W. Linebaugh Avenue
Suite #101
Tampa, FL 33625
Telephone:  (813) 639-9366
mfeldman@flandgatrialattorneys.com

*Attorneys for Plaintiff, the proposed California Class Members and California Class*

*to apply for admission *pro hac vice*

**CLASS ACTION COMPLAINT**

## __DEMAND FOR JURY TRIAL__

Plaintiff demands a trial by jury on all issues so triable.


Dated: September 14, 2023

Respectfully submitted,


/s/ Joshua H. Haffner
Joshua H. Haffner
Alfredo Torrijos
Vahan Mikayelyan
HAFFNER LAW PC
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Tel: (213) 514-5681
Fax: (213) 514-5682
E-mail: jhh@haffnerlawyers.com
E-Mail : at@haffnerlawyers.com
E-Mail :vh@haffnerlawyers.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (800) 616-4000
mpalitz@shavitzlaw.com

Mitchell Feldman*
FELDMAN LEGAL GROUP
6916 W. Linebaugh Avenue
Suite #101
Tampa, FL 33625
Telephone: (813) 639-9366
mfeldman@flandgatrialattorneys.com

*Attorneys for Plaintiff, the proposed California Class Members and California Class*

*to apply for admission *pro hac vice*

**CLASS ACTION COMPLAINT**