UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZABEENA MAHARAJ, an individual; RODOLFO SCHULZ, an individual, on behalf of themselves and all others similarly situated and other aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No. 23-cv-04726-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION TO CONTINUE CASE MANAGEMENT SCHEDULE**<br><br>Re: Dkt. No. 64 |

Plaintiffs bring this putative class and Private Attorney General Act (PAGA) action against Defendant for alleged state law wage-and-hour violations. (Dkt. No. 42.) Plaintiffs now seek to modify the case management schedule to permit their filing of a motion for class certification after missing the Court-ordered deadline. (Dkt. No. 64.) After careful consideration of the briefing, and with the benefit of oral argument on August 28, 2025, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

Plaintiffs instituted this action on September 14, 2023. (Dkt. No. 1.) The Court issued the first pretrial order on December 21, 2023, setting the deadline to file for class certification for October 10, 2024. (Dkt. No. 28.) Plaintiffs filed the operative second amended complaint on June 21, 2024. (Dkt. No. 42.) On August 16, 2024, the Court granted the parties' stipulation to extend the time to move for class certification to January 8, 2025. (Dkt. Nos. 49, 50.) A few months later, the Court again granted the parties' stipulation to move the deadline to file the motion for class certification to April 8, 2025. (Dkt. Nos. 55, 56.) On March 27, 2025, the parties once again stipulated to move the deadline to file for class certification, this time to June 9, 2025, and the

1     Court again agreed.  (Dkt. Nos. 57, 58.)  Plaintiffs did not file by the deadline.

2     　　　　Plaintiffs' counsel, Mr. Torrijos, attests that on March 3, 2025, Defendant produced 320 pages of documents and two spreadsheets in response to February 26, 2025 requests for production.  (Dkt. No. 64-1 ¶¶ 6-7.)  The spreadsheets "contained the names (but no contact information) of 164 members of the class proposed by Plaintiffs."  (*Id.* ¶ 8.)  Mr. Torrijos reached out to Defendant on March 22, 2025, requesting the missing contact information and also asked Defendant to "agree to a 90-day extension" for the class certification motion deadline.  (*Id.* ¶ 9.)  The parties discussed both points and on March 27, 2025, the parties agreed to a 60-day continuance, that is, the June 9, 2025 deadline.  (*Id.* ¶¶10-14.)  On March 31, 2025, Defendant produced a new spreadsheet "with the names and available contact information of 164 members of the class proposed by Plaintiffs."  (*Id.* ¶ 16.)   On April 30, Defendants produced 2,981 pages of documents and a spreadsheet with "37 separate tables" where "each table (except one) contain[ed] approximately 114 rows and 16 columns of information, for a total of 1,824 fields."  (*Id.* ¶ 18.)

　　　　Mr. Torrijos further attests: "Although I diligently worked on Plaintiffs' class certification motion since early May 2025, particularly focusing on reviewing the extensive documentation produced by Hertz on April 30, 2025, I was ultimately unable to meet the June 9, 2025 deadline due to an unexpected medical issue."  (*Id.* ¶ 20.)  Specifically, the "medical issue significantly affected [his] ability to complete the briefing and caused [him] to lose track of the approaching filing deadline."  (*Id.*)  So, it was not until after co-counsel Mr. Mikayelyan made Mr. Torrijos aware of the June 23, 2025 Clerk's notice setting the July 9, 2025 case management conference that he "became fully conscious of having missed the filing deadline."  (*Id.*)  Mr. Torrijos then instructed Mr. Mikayelyan to confer with Defendant about to stipulating to a new briefing schedule, but Defendant refused.  (*Id.* ¶¶ 23-24.)

　　　　On July 2, 2025, the parties filed their joint case management statement in anticipation of the July 9 further case management conference.  (Dkt. No. 62.)  Plaintiffs state "[t]he delay is not a result of lack of effort, but rather due to the time required to complete the discovery essential to the class certification analysis" and "[the] lead attorney who was in charge of the briefing, has been having medical issues."  (*Id.* at 2.)  On July 9, 2025, Plaintiffs filed a motion to certify the

2

1   class, though at the July 9, 2025 hearing, the Court ordered Plaintiffs to first move to modify the

2   Rule 16 scheduling order.

3         Now before the Court is Plaintiffs' motion to modify the scheduling order to permit the

4   late filing of their motion for class certification.

## ANALYSIS

When, as here, the Court "filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established" deadlines for motion practice and that deadline has passed, the Rule 16 standard applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). In such instances, a party "must [] show 'good cause' for amendment [of the scheduling order] under Rule 16(b)." *Id.* at 608 (citation omitted). In determining whether good cause exists, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609 (citation omitted). "If that party was not diligent, the inquiry should end." *Id.* So, a party seeking to file a motion after the date set in the Court's scheduling order must first "request[] a modification of the pretrial order to allow the filing of their motion." *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996).

Here, the record shows both that Plaintiffs acted diligently and that judicial efficiency counsels in favor of permitting amendment to the scheduling order. *Cummings v. Worktap, Inc.*, No. 17-cv-06246-SBA, 2019 WL 4221652, at *4 (N.D. Cal. Sept. 4, 2019). While Plaintiffs obtained stipulated extensions prior to the deadline for filing their motion for class certification several times, these extensions permitted Defendant to provide Plaintiffs with additional discovery necessary for the class certification motion. (Dkt. No. 64-1 ¶¶ 10-16.) Furthermore, Plaintiffs have taken depositions and engaged in meaningful discovery, all while discovery remains open. (*See generally id.*) Indeed, that Plaintiffs filed their motion for class certification so soon after learning of their deadline error demonstrates Plaintiffs were diligently working to draft and file their class certification motion. Furthermore, Mr. Torrijos has been candid with the Court that he

"los[t] track of the approaching filing deadline" and was unable to meet this deadline due to a medical issue. (*Id.* ¶ 20.) Given Plaintiffs' well-documented practice of seeking stipulated extensions prior to the filing deadline, the Court finds Mr. Torrijos' explanation credible. And because resolution of the class certification motion will not prejudice Defendant and will utilize the time and effort the parties have expended in over a year of discovery in this matter, good cause exists to modify the scheduling order.

Defendant's arguments to the contrary are unpersuasive. Defendant argues Plaintiffs' repeated request for stipulated extensions belies its assertions of diligence. Not so. As late as March 2025, Defendant was still producing discovery relevant to Plaintiffs' motion for class certification. (*Id.* ¶ 16.) And, from the current record, Plaintiffs do not appear to have been dragging their feet, but rather have been working diligently with Defendant to accommodate the parties' limitations in discovery. Defendant also argues Plaintiffs' other named attorneys and counsel of record should have "stepped in" to prevent the lapse in time. (Dkt. No. 65 at 4.) Perhaps. But Plaintiffs have otherwise demonstrated diligence in pursuing this case by not missing any prior deadlines. Finally, that Plaintiffs filed their motion for class certification five weeks after the deadline and approximately two weeks after being made aware of the missed deadline does not show lack of diligence in itself. Again, Plaintiffs have otherwise shown diligence in litigating this case, belied by the latest missed deadline. That Plaintiffs soon after realizing their mistake took steps to rectify the same shows Plaintiffs' overall diligence, which is "the focus of the inquiry" on such a motion. *Johnson*, 975 F.2d at 609.

Defendant also argues that Plaintiffs must show "excusable neglect" pursuant to Federal Rules of Civil Procedure 6(b)(1)(B). Assuming that standard applies, it has been met.

> Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Cap. One, Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, No. 17-CV-00604-RFB-BNW, 2021 WL 6973764, at *2 (D. Nev. Sept. 14, 2021), *report and recommendation adopted*, No., 2022 WL

4

494177 (D. Nev. Jan. 27, 2022) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).  Given the brief delay and because a trial date has not been scheduled, there is no danger of prejudice to Defendant.  Further, permitting the class certification motion will not unduly delay the proceedings.  And the reason for the delay—a medical issue—and how quickly Plaintiffs filed the motion after the missed deadline was brought to their attention, show they acted in good faith.

## CONCLUSION

So, for the above reasons, Plaintiffs' motion to modify the case management schedule is GRANTED.  Plaintiffs' July 9, 2025 motion for class certification is now operative.  The deadline to file an opposition is October 3, 2025, Plaintiff's reply is due October 17, 2025, and the Court shall hear arguments on the motion on December 4, 2025 at 10:00 a.m.

This Order disposes of Docket No. 64.

**IT IS SO ORDERED.**

Dated: August 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge